## Nicholson *versus* Bettle.

1. A devise of a house, &c., to two sons "and their heirs respectively"— "The said house, &c., to be held by them, my two sons, in 'joint tenure,' during the residue of their natural lives, and at their decease to pass to their heirs respectively. Should either of them decease without leaving lawful issue or heir, said estate shall pass to the survivor and his heirs, and should they both decease without leaving lawful surviving heir or heirs, said estate may be sold and the proceeds of such sale be distributed amongst the surviving lawful heirs to my estate, share and share alike." *Held*, that the ultimate limitation is an executory devise.

2. The estate taken by the sons was a base fee and the limitation over was not too remote, as it must take effect, if at all, within a life or lives in being; the words "leaving lawful issue surviving" meaning lawful issue living beyond the death of the first taker.

3. The Act of 27th April 1855 (Estates Tail), practically makes the statute *de donis* inoperative, and remits us to the common law as it was before that statute.

4. The Act of 1855 has no effect on executory devises. The words in the act, "shall be inheritable and freely alienable" are surplusage.

March 6th 1868. Before STRONG, READ, AGNEW and SHARS-WOOD, JJ. THOMPSON, C. J., at Nisi Prius.

Certificate from Nisi Prius: No. 30, to January Term 1868.

This was a proceeding in Equity. The bill was filed December 24th 1866, by Richard L. Nicholson and Coleman L. Nicholson against Edward Bettle: the answer was filed the same day.

The bill averred that Lindzey Nicholson was seised in fee of certain real estate on Twelfth street, Philadelphia; that by his will, proved the 1st of February 1867, he devised it to the plaintiffs, his two sons (as is set out in the bill and given below); that on the 16th of October 1867, they entered into a written agreement with the defendant to sell and convey to him the land devised in fee simple and clear of all encumbrances, for $20,000, to be paid on the delivery of the deed; that they tendered a deed to the defendant and demanded the purchase-money; that the defendant refused to accept the deed and pay the purchase-money, alleging that the plaintiff could not make him a good title as contracted for; the plaintiffs averred that they were able to make a good title. The bill prayed that the defendant might be decreed to comply with his contract, &c.

The defendant answered, admitting the contract, the tender of

[Nicholson v. Bettle.]

the deed and his refusal to accept, and averring that he was advised and believed that the plaintiffs are not able to make him a good title in fee simple clear of all encumbrances according to the contract.

The clause in the will under which the plaintiffs derived their title is as follows :—

"To my second son, Richard L. Nicholson [with his family], and my youngest son, Coleman L. Nicholson, and their heirs respectively, I will and bequeath my present *family residence, dwelling-house and premises*, with the lot of ground on which it stands, situated [at present] No. 114 South Twelfth street, near Chestnut street, Philadelphia. The said house and premises to be held by them, my two sons, Richard L. and Coleman L. Nicholson, in 'joint tenure,' during the residue of their natural lives, and at their decease to pass to their heirs respectively. Should either of them ·decease without leaving lawful issue or heir, said estate shall pass to the survivor and his heirs, and should they both, Richard L. and Coleman L. Nicholson, decease without leaving lawful surviving heir or heirs, said estate may be sold and the proceeds of such sale be distributed amongst the surviving lawful heirs to my estate, share and share alike."

Sharswood, J., at Nisi Prius, dismissed the bill with costs. The plaintiffs appealed and assigned the decree at Nisi Prius for error.

*A. H. Smith*, for appellant.—The words "in joint tenure during the residue of their natural lives" does not create a joint tenancy, although such an estate may be created by will: Arnold v. Jack, 12 Harris 57 ; Martin v. Smith, 5 Binn. 16. The devise is an estate tail in the devisees: Chadock v. Cowley, Cro. Jac. 695 ; Clark v. Baker, 3 S. & R. 470 ; Criley v. Chamberlain, 6 Casey 161 ; James's Claim, 1 Dall. 47 ; Lapsley v. Lapsley, 9 Barr 130 ; Price v. Taylor, 4 Casey 95 ; Doe v. Cooper, 1 East 229 ; Hayes on Estate Tail, 5 Law Lib. ; Haines v. Witmer, 2 Yeates 400 ; Middleswarth v. Collins, 1 Phila. R. 139 ; Heffner v. Knepper, 6 Watts 18 ; Wall v. Maguire, 12 Harris 248.

The object of the early founders of Pennsylvania was to make lands liable for payment of debts. Laws agreed on in England : Galloway's Laws, Appendix 1, § 14 ; Act of 1688, Id. 6 ; Acts of 1693, 1697, 1700, Id. 9, § 14, 10, § 4, 13, § 46 ; 1705, cap. 118 ; Galloway's Laws, 22 cap. 122, Id. Appendix 15 ; Morris v. Smith, 1 Yeates 238 ; Dunwoodie v. Reid, 3 S. & R. 435 ; Lyle v. Richards, 9 Id. 322 ; Acts of January 1849, 50, § 1, 1 Sm. L. 203 ; January 16th 1799, § 1, 3 Sm. L. 338 ; April 27th 1855, § 1, Pamph. L. 368, Purd. 421, 422, pl. 1, 3, 7 ; Reinhart v. Lantz, 1 Wright 488 ; Fearne on Remainders 423 ; Williams on Real Property 241, note.

7 P. F. SMITH—25

[Nicholson *v.* Bettle.]

*E. Olmstead,* for appellee.—In the devise "heir" meant issue: Wall *v.* Maguire, 12 Harris 248; Wells *v.* Ritter, 3 Whart. 208; Powell *v.* Board of Missions, 13 Wright 53. An executory devise could be limited after an estate tail: Angle *v.* Brosius, 7 Wright 190; Barnet *v.* Deturk, Id. 95; Rapp *v.* Rapp, 6 Barr 46; Roe *v.* Jeffery, 7 T. R. 589; Neave *v.* Jenkins, 2 Yeates 414; Clark *v.* Baker, 3 S. & R. 470; Middleswarth *v.* Collins, 1 Phila. R. 139; Eichelberger *v.* Barnitz, 9 Watts 447. He referred also to Act of 27th April 1855.

The opinion of the court was delivered, March 19th 1868, by

STRONG, J.—Since the Act of April 27th 1855, a devise to one and the heirs of his body, or to one and his lawful issue, has the same effect as a devise to one and his heirs generally. In each case it gives a fee simple. Controlled by this statutory rule of construction, we must hold that under the will of the testator Richard Nicholson and Coleman Nicholson took a fee in the tenement No. 114 South Twelfth street. But what kind of a fee, absolute or conditional? The testator, after having used words which, standing by themselves, would have given a fee simple absolute to his own sons, added the following, "should either of them decease without leaving lawful issue, or heir, said estate shall pass to the survivor and his heirs." Were it not for the Act of 1855, this would have reduced the estate from a fee simple to a fee tail in each with cross-remainders over. But as the rule of construction is now, this clause cannot be regarded as a devise of cross-remainders to the two devisees, for no remainder, either vested or contingent, can be limited after an estate in fee. If the gift over take effect at all, therefore, it must as an executory devise. The difficulty of the case, however, is in the ulterior limitation, which is as follows, "and should they both, Richard L. and Coleman L. Nicholson, decease without having lawful surviving heir or heirs, said estate may be sold, and the proceeds of such sale be distributed amongst the surviving lawful heirs to my estate, share and share alike." It is immaterial whether this be considered an ultimate devise to the heirs of the testator by force of which they are to take on the happening of the contingency, or whether the heirs would take as reversioners, rather than as devisees. The old rule was that an ultimate limitation to the right heirs of a grantor or devisor, will continue in him as a reversion, and not as a remainder, though the freehold be expressly limited from him. But we are inquiring now what estate was given to the two sons. That in this last limitation an indefinite failure of issue of the sons was not contemplated, is manifested by the testator's repeated use of the word "surviving." There is a marked difference between a gift over on the first taker's dying "without leaving lawful issue," and a gift over on his dying "without leaving lawful issue surviv-

[Nicholson v. Bettle.]

ing." The latter if it means anything, must mean lawful issue living beyond the death of the first taker. It is much more expressive than the phrase "leaving no issue behind him," which in Porter v. Bradley, 3 T. Reps. 143, were held to denote a definite failure of issue. Porter v. Bradley has always been recognised as authority. It was by Mr. Fearne, and it has been in this state: Eichelberger v. Barnitz, 9 Watts 447. But if the declared intention of the testator was that the land should pass to his own heirs, on the death of both his sons without leaving any issue living at their death, the estate given to the sons must have been a conditional one, liable to be defeated on the failure of their issue living at the death of the survivor of them. It was a base fee, and Lord Coke says that no remainder can be limited on a base fee: 1 Inst. 18 a; 10 Reps. 97 b. The limitation over to the heirs of the testator, therefore, was simply an executory devise, and not too remote, for it must take effect, if at all, within a life or lives in being.

The Act of 1855 practically makes the statute "De Donis" inoperative. It remits us to the common law as it was before 13th Edward I. And while it converts those which would have been estates tail, had it not been passed, into estates in fee simple, it has no effect upon executory devises. It would be legislation in us to hold that it has. And it would be going much farther than we feel justified in going, were we to conclude because the act declares that because the estates in fee simple of which it speaks, shall be inheritable and freely alienable, a condition subsequent is impossible. This declaration of capability of transmission by descent, and of alienability, is mere surplusage. If not, the act has done more than convert estates tail into fees. It has given to the converted estates, qualities which do not belong to estates in fee, created in the ordinary manner. They are descendible and alienable, but the heir or the grantee takes them subject to the conditions under which they were held by the ancestor or grantor. We conclude then that the ultimate limitation in the will of Lindzey Nicholson was effective as an executory devise, and consequently the complainants are unable to make a good and marketable title.

The decree made at Nisi Prius, dismissing the complainant's bill with costs, is affirmed.